# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: 2:18-cv-00168-JDL |
| **Plaintiff** | |
| vs. | |
| Judy A. Libby, Personally and as Heir to the Estate of George A. Libby, Jr., a/k/a George Libby, Jr. | **NOTICE TO AMEND COMPLAINT OF FORECLOSURE AND REFORMATION OF PROPERTY DESCRIPTION** |
| **Defendant** | **RE:** |
| Glen Libby, Deborah Libby, Dorothy Morrill, Becky Libby and Lenora Belliveau as Heirs to the Estate of George A. Libby, Jr., a/k/a George Libby, Jr., and not individually | 958 Gore Road, Otisfield, ME 04270 |
| **Parties-in-Interest** | **MORTGAGE:**<br>**January 6, 2006**<br>**Book 3870, Page 231** |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and the Defendant is a citizen of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Loan Repayment and Security Agreement executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is the obligor and the total amount owed under the terms of the Loan Repayment and Security Agreement is Eighty Thousand Six Hundred Ninety Nine Dollars and Seventy One Cents ($80,699.71), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3.  Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4.  U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, Oklahoma 73134.

5.  The Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is a resident of Oxford, County of Oxford and State of Maine.

6. The Party-in-Interest, Glen Libby, as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is a resident of South Paris, County of Oxford and State of Maine.

7. The Party-in-Interest, Deborah Libby, as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is a resident of Rochester, County of Strafford and State of New Hampshire.

8. The Party-in-Interest, Dorothy Morrill, as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is a resident of Otisfield, County of Oxford and State of Maine.

9. The Party-in-Interest, Becky Libby, as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is a resident of Fryeburg, County of Oxford and State of Maine.

10. The Party-in-Interest, Lenora Belliveau, as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is a resident of Norway, County of Oxford and State of Maine.

<u>FACTS</u>

11. On April 12, 1958 by virtue of a Deed which is recorded in the Oxford County Registry of Deeds-Eastern in **Book 2404, Page 241,** the property situated at 958 Gore Road, County of Oxford, and State of Maine, was conveyed to George Libby, Jr., and Virginia Libby, being more particularly described by the attached legal description; the correct legal description for the mortgaged premises. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein.

12. On July 16, 1963, by virtue of a Warranty Deed from Lyman Wing, which is recorded in the Oxford County Registry of Deeds-Eastern in **Book 2763, Page 1**, the property situated at 958 Gore Road, County of Oxford, and State of Maine, was conveyed to George A. Libby, Jr., being more particularly described by the attached legal description; the correct legal

description for the mortgaged premises is also attached. *See* Exhibit A and Exhibit B (a true and correct copy of the legal descriptions are attached hereto and incorporated herein).

13. On January 6, 2008, George Libby, Jr., and Judy A. Libby, executed and delivered to Beneficial Maine Inc. a certain Loan Repayment and Security Agreement in the amount of $47,368.03.  *See* Exhibit C (a true and correct copy of the Loan Repayment and Security Agreement is attached hereto and incorporated herein).

14. To secure said Loan Repayment and Security Agreement, on January 6, 2006, George A. Libby, Jr., a/k/a George Libby, Jr., and Judy A. Libby, executed a Mortgage Deed in favor of Beneficial Maine Inc., securing the property located at 958 Gore Road, Otisfield, ME 04270 which Mortgage Deed is recorded in the Oxford County Registry of Deeds-Eastern **in Book 3870**, **Page 231**.  See Exhibit D (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

15. On May 19, 2013, upon information and belief, George A. Libby, Jr., a/k/a George Libby, Jr., became deceased.

16. Judy A. Libby, due to her execution of the aforesaid Loan Repayment and Security Agreement is liable hereunder Personally and as Heir to the Estate of George A. Libby, Jr., a/k/a George Libby, Jr.

17. Glen Libby is an Heir to the Estate of George A. Libby, Jr., a/k/a George Libby Jr., and this action <u>does not</u> seek any personal liability against him but only seeks an in rem judgment against the subject property.

18. Deborah Libby is an Heir to the Estate of George A. Libby, Jr., a/k/a George Libby Jr., and this action <u>does not</u> seek any personal liability against her but only seeks an in rem judgment against the subject property.

19. Dorothy Morrill is an Heir to the Estate of George A. Libby, Jr., a/k/a George Libby Jr., and this action <u>does not</u> seek any personal liability against her but only seeks an in rem judgment against the subject property.

20. Becky Libby is an Heir to the Estate of George A. Libby, Jr., a/k/a George Libby Jr., and this action <u>does not</u> seek any personal liability against her but only seeks an in rem judgment against the subject property.

21. Lenora Belliveau is an Heir to the Estate of George A. Libby, Jr., a/k/a George Libby Jr., and this action <u>does not</u> seek any personal liability against her but only seeks an in rem judgment against the subject property.

22. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated June 8, 2016 and recorded in the Oxford County Registry of Deeds-Eastern in **Book 5291, Page 646**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

23. On June 28, 2016, the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

24. The Demand Letter informed the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

25. The Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., failed to cure the default prior to the expiration of the Demand Letter.

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Loan Repayment and Security Agreement pursuant to transfer from the previous holder (if applicable), payment of value and physical possession of the Loan Repayment and Security Agreement in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Loan Repayment and Security Agreement and Mortgage.

28. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of April 23, 2018, if no payments are made, is Eighty Thousand Six Hundred Ninety Nine Dollars and Seventy One Cents ($80,699.71), which includes unpaid principal in the amount of Forty Two Thousand Eight Hundred Forty Seven Dollars and Sixty Eight Cents ($42,847.68); accrued interest in the amount of Eleven Thousand Five Hundred Nineteen Dollars and Ninety Nine Cents ($11,519.99); Escrow/Impound Required in the amount of Six Thousand Five Hundred Sixteen Dollars and Two Cents ($6,516.02) and Total Advances in the amount of Nineteen Thousand Eight Hundred Sixteen Dollars and Two Cents ($19,816.02).

29. Upon information and belief, the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

30. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 29 as if fully set forth herein.

31. This is an action for foreclosure respecting a real estate related Mortgage and title located at 958 Gore Road, Otisfield, County of Oxford, and State of Maine.  *See* Exhibit A and Exhibit B.

32. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Loan Repayment and Security Agreement referenced in Paragraph 12 pursuant to transfer from the previous holder (if applicable) and physical possession of the aforesaid Loan Repayment and Security Agreement in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Loan Repayment and Security Agreement.

34. The Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is presently in default on said Mortgage and Loan Repayment and Security Agreement, having failed to make the monthly payment due October 11, 2014, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Loan Repayment and Security Agreement.

35. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of April 23, 2018, if no payments are made, is Eighty Thousand Six Hundred Ninety Nine Dollars and Seventy One Cents ($80,699.71), which includes unpaid principal in the amount

of Forty Two Thousand Eight Hundred Forty Seven Dollars and Sixty Eight Cents ($42,847.68); accrued interest in the amount of Eleven Thousand Five Hundred Nineteen Dollars and Ninety Nine Cents ($11,519.99); Escrow/Impound Required in the amount of Six Thousand Five Hundred Sixteen Dollars and Two Cents ($6,516.02) and Total Advances in the amount of Nineteen Thousand Eight Hundred Sixteen Dollars and Two Cents ($19,816.02).

36. The record established through the Oxford County Registry of Deeds-Eastern indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

37. By virtue of the Defendant' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

38. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., on June 28, 2016, evidenced by the Certificate of Mailing.. *See* Exhibit F.

39. The Defendant, Judy A. Libby, is not in the Military as evidenced by the attached Exhibit G.

<u>COUNT II – REFORMATION OF MORTGAGE</u>

40. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-alleges Paragraphs 1 through 39 as if fully set herein.

41. On April 12, 1958, George E. Currier and Mamie C. Currier conveyed the subject property to George A. Libby, Jr., and Virginia Libby, by virtue of a Deed, which is recorded in the Oxford County Registry of Deeds – Eastern in **Book 2404, Page 241**

42. On July 16, 1963, Lyman Wing conveyed the subject property to George A. Libby, Jr., a/k/a George Libby, Jr., and Virginia Libby, by virtue of a Deed, which is recorded in the Oxford County Registry of Deeds – Eastern in **Book 2763, Page 1.**

43. On January 6, 2006, George A. Libby, Jr., a/k/a George Libby, Jr., executed a Mortgage in favor of Beneficial Maine Inc., which Mortgage is recorded in the Oxford County Registry of Deeds-Eastern in **Book 3870, Page 231.**

44. The Mortgage should have included the complete legal description attached hereto as Exhibit B as referenced in the Deeds recorded in the Oxford County Registry of Deeds – Eastern at **Book 2404, Page 241** and **Book 2763, Page 1.**

## COUNT III – BREACH OF LOAN REPAYMENT AND SECURITY AGREEMENT

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. On January 6, 2008, Judy A. Libby and George A. Libby, Jr.,  executed and delivered to Beneficial Maine Inc. a certain Loan Repayment and Security Agreement in the amount of $47,368.03.  *See* Exhibit C.

47. The Defendant, Judy A. Libby, is in default for failure to properly tender the October 11, 2014 payment and all subsequent payments.  *See* Exhibit F.

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Loan Repayment and Security Agreement and is entitled to enforce the terms and conditions of the Loan Repayment and Security Agreement due to its breach by the Defendant, Judy A. Libby.

49. The Defendant, Judy A. Libby, having failed to comply with the terms of the Loan Repayment and Security Agreement and Mortgage, is in breach of both the Loan Repayment and Security Agreement and the Mortgage.

50. The Defendant, Judy A. Libby, breach is knowing, willful, and continuing.

51. The Defendant, Judy A. Libby, as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of April 23, 2018, if no payments are made, is Eighty Thousand Six Hundred Ninety Nine Dollars and Seventy One Cents ($80,699.71), which includes unpaid principal in the amount of Forty Two Thousand Eight Hundred Forty Seven Dollars and Sixty Eight Cents ($42,847.68); accrued interest in the amount of Eleven Thousand Five Hundred Nineteen Dollars and Ninety Nine Cents ($11,519.99); Escrow/Impound Required in the amount of Six Thousand Five Hundred Sixteen Dollars and Two Cents ($6,516.02) and Total Advances in the amount of Nineteen Thousand Eight Hundred Sixteen Dollars and Two Cents ($19,816.02).

53. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Repayment and Security Agreement including interest, plus costs and expenses, including attorney fees.

## COUNT IV – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

54. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. By executing, under seal, and delivering the Loan Repayment and Security Agreement, the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., entered into a written contract with Beneficial Maine Inc. who agreed to loan the amount of $47,368.03 to the Defendant. *See* Exhibit C.

56. As part of this contract and transaction, Judy A. Libby and George A. Libby, Jr. (deceased), executed the Mortgage to secure the Loan Repayment and Security Agreement and the subject property. *See* Exhibit D.

57. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Loan Repayment and Security Agreement and successor-in-interest to Beneficial Maine Inc., and has performed its obligations under the Loan Repayment and Security Agreement and Mortgage.

58. The Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., has breached the terms of the Loan Repayment and Security Agreement and Mortgage by failing to properly tender the October 11, 2014 payment and all subsequent payments. *See* Exhibit F.

59. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Loan Repayment and Security Agreement, and is entitled to enforce the terms and conditions of the Loan Repayment and Security Agreement due to its breach by the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr.

60. The Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., having failed to comply with the terms of the Loan Repayment and Security Agreement and Mortgage, is in breach of contract.

61. The Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Eighty Thousand Six Hundred Ninety Nine Dollars and Seventy One Cents ($80,699.71), for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

62. Defendant Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., breach is knowing, willful, and continuing.

63. Defendant Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

64. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of April 23, 2018, if no payments are made, is Eighty Thousand Six Hundred Ninety Nine Dollars and Seventy One Cents ($80,699.71), which includes unpaid principal in the amount of Forty Two Thousand Eight Hundred Forty Seven Dollars and Sixty Eight Cents ($42,847.68); accrued interest in the amount of Eleven Thousand Five Hundred Nineteen Dollars and Ninety Nine Cents ($11,519.99); Escrow/Impound Required in the amount of Six Thousand Five Hundred Sixteen Dollars and Two Cents ($6,516.02) and Total Advances in the amount of Nineteen Thousand Eight Hundred Sixteen Dollars and Two Cents ($19,816.02).

65. Injustice can only be avoided by awarding damages for the total amount owed under the Loan Repayment and Security Agreement and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT V – QUANTUM MERUIT

66. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 65 as if fully set forth herein.

67. Beneficial Maine Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant, Judy A. Libby and George A. Libby, Jr. (deceased), $47,368.03.  *See* Exhibit B.

68. The Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is in default for failure to properly tender the October 11, 2014 payment and all subsequent payments. *See* Exhibit F.

69. As a result of the Defendant' failure to perform under the terms of their obligation, the Defendant, Judy A. Libby, as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

70. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit.*

## COUNT VI – UNJUST ENRICHMENT

71. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 70 as if fully set forth herein.

72. Beneficial Maine Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Judy A. Libby and George A. Libby, Jr. (deceased), $47,368.03. *See* Exhibit B.

73. The Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., has failed to repay the loan obligation.

74. As a result, the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Beneficial Maine Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

75. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Reform the property description as found in the Mortgage to reflect the correct property description as attached hereto as Exhibit B;

d) Find that the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is in breach of the Loan Repayment and Security Agreement by failing to make payment due as of October 11, 2014, and all subsequent payments;

e) Find that the Defendant, Judy A. Libby, as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is in breach of the Mortgage by failing to make payment due as of October 11, 2014, and all subsequent payments;

f) Find that the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is in breach of contract by failing to comply with the terms and conditions of the  Loan Repayment and Security Agreement and Mortgage by failing to make the payment due October 11, 2014 and all subsequent payments;

h) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Loan Repayment and Security Agreement and Mortgage;

i) Find that by virtue of the money retained by the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., has been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

k) Find that the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

l) Find that the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., is liable to the Plaintiff for quantum meruit;

m) Find that the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., has appreciated and retained the benefit of the Mortgage and the subject property;

n) Find that it would be inequitable for the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., to continue to appreciate and retain the benefit of the Mortgage, Loan Repayment and Security Agreement and subject property without recompensing the appropriate value;

o) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr.,;

p) Determine the amount due on said Mortgage and Loan Repayment and Security Agreement, including principal, interest, reasonable attorney's fees and court costs;

q) Additionally, issue a money judgment against the Defendant, Judy A. Libby, Personally and as Heir to the Estate of George Libby A. Libby, Jr., a/k/a George Libby, Jr., and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Eighty Thousand Six Hundred Ninety Nine Dollars and Seventy One Cents ($80,699.71), the total debt owed under the Loan Repayment and Security Agreement plus interest and costs including attorney's fees and costs;

r) For such other and further relief as this Honorable Court deems just and equitable.

<div style="margin-left: 50%;">

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9
Master Participation Trust,
By its attorneys,

</div>

Dated: May 17, 2018

<div style="margin-left: 50%;">

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670

</div>